# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| World Health Alternatives, Inc., | ) | Case No. 06-10166 (PJW) |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 7 and 24 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| World Health Staffing, Inc., | ) | Case No. 06-10167 (PJW) |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 5 and 6 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| World Health Staffing, Inc. f/k/a MedTech Medical Staffing of Orlando, Inc., | ) | Case No. 06-10165 (PJW) |
| | ) | Re: Docket Nos. 5 and 6 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Better Solutions, Inc., | ) | Case No. 06-10168 (PJW) |
| | ) | |
| Debtor. | ) | Re Docket Nos. 5 and 6 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JC Nationwide, Inc. f/k/a MedTech Staffing of Boca Raton, Inc., | ) | Case No. 06-10163 (PJW) |
| | ) | Re: Docket Nos. 5 and 6 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MedTech Medical Staffing of New England, Inc., | ) | Case No. 06-10162 (PJW) |
| | ) | Re: Docket Nos. 5 and 6 |
| Debtor. | ) | |

| In re: | ) | Chapter 11 |
| --- | --- | --- |
| | ) | |
| MedTech Franchising, Inc. | ) | Case No. 06-10164 (PJW) |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 5 and 6 |
| | ) | |

## LIMITED BRIDGE ORDER AUTHORIZING
## DEBTORS TO PAY PRE-PETITION COMPENSATION

Upon the Emergency Motion of Debtors for Entry of Bridge Order Authorizing Debtors to Pay Pre-Petition Compensation dated February 21, 2006 (the "Motion") seeking an expedited limited bridge order with respect to the motion dated February 20, 2006 (the "Employee Obligation Motion") of World Health Alternatives, Inc. ("World Health"), World Health Staffing, Inc. d/b/a Parker Services, World Health Staffing, Inc. f/k/a MedTech Medical Staffing of Orlando, Inc., Better Solutions, Inc., JC Nationwide, Inc. f/k/a MedTech Staffing of Boca Raton, Inc. d/b/a JC Nationwide, MedTech Medical Staffing of New England, Inc., and MedTech Franchising, Inc. (collectively, the "Debtors") for authority to pay pre-petition wages, payroll taxes, certain employee benefits, related expenses, and other compensation to employees and independent contractors; and it appearing that the limited interim relief provided herein is in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion and the Employee Obligation Motion; and the Court having determined that the legal and factual bases set forth in the Motion and the Employee Obligation Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Debtors are authorized to pay up to $300,000 of the accrued and scheduled payroll due to non-executive employees and Staffing Professionals (as defined in the Employee Obligation Motion) which would, in accordance with the Debtors' ordinary business

practices, be paid on the date hereof; provided that no one non-executive employee or Staffing Professional shall receive more than $10,000.00 (the "Emergency Payments"); and it is further

ORDERED that the Debtors are authorized to use cash collateral (as such term is defined in Section 363(a) of the Bankruptcy Code), in which the Debtors' pre-petition secured lenders have an interest to make the Emergency Payments authorized herein; and it is further

ORDERED that, subject to the availability of funds, all applicable banks (the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with Emergency Payments authorized herein; and it is further

ORDERED that the Banks are authorized to rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED.**

Dated: Wilmington, Delaware
February 21, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

1352894